# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH W. ASHFORD, : | |
|     Plaintiff : | |
| : | No. 1:19-cv-1365 |
| v. : | |
| : | (Judge Kane) |
| LT. FRANCISCO, et al., : | |
|     Defendants : | |

## MEMORANDUM

On July 31, 2019, pro se Plaintiff Kenneth W. Ashford ("Plaintiff"), who is presently confined at the State Correctional Institution in Houtzdale, Pennsylvania ("SCI Houtzdale"), initiated the above-captioned civil action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Lt. Francisco ("Francisco"), Lt. Attwater ("Attwater"), Unit Manager Morales ("Morales"), Corrections Emergency Response Team ("CERT") Officer Bolding ("Bolding"), and three (3) unnamed CERT Team Officers, all of whom are employed at the York County Prison in York, Pennsylvania ("YCP"). (Doc. No. 1.) In an Administrative Order dated August 8, 2019, the Court directed Plaintiff either to pay the requisite filing fee or submit a motion for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 4.) The Court received Plaintiff's motion for leave to proceed in forma pauperis on August 19, 2019. (Doc. No. 6.) In an Administrative Order dated August 20, 2019, the Court directed the Superintendent of SCI Houtzdale to provide to Plaintiff and the Court, within fifteen (15) days, certified copies of Plaintiff's trust fund statement reflecting all activity for the six (6)-month period preceding receipt of Plaintiff's complaint by the Court. (Doc. No. 7.) The Court received the certified trust fund account statement on August 8, 2019. (Doc. No. 8.)

In a Memorandum and Order dated September 12, 2019, the Court granted Plaintiff leave to proceed in forma pauperis and performed its mandatory screening of Plaintiff's complaint

pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"). (Doc. Nos. 10, 11.) The Court construed Plaintiff's complaint as alleging violations of his Fourth Amendment rights based upon a strip search that occurred while Plaintiff was incarcerated at YCP. (Doc. No. 10 at 5.) The Court concluded, however, that Plaintiff's complaint failed to state a claim upon which relief may be granted against Defendants because it "neither set[] forth any allegations against the Defendants nor identifie[d] how Defendants engaged in any wrongdoing that violated Plaintiff's constitutional rights." (Id.) The Court granted Plaintiff leave to file an amended complaint within thirty (30) days. (Id. at 7.) On September 25, 2019, the Court received a motion to amend from Plaintiff. (Doc. No. 12.) Plaintiff's motion contains his amended complaint in response to the Court's September 12, 2019 Memorandum and Order. Accordingly, the Court will grant Plaintiff's motion to amend and deem his motion to be his amended complaint. For the reasons set forth below, however, the Court will dismiss Plaintiff's amended complaint with prejudice.

**I.      BACKGROUND**

In his amended complaint, Plaintiff alleges that on May 1, 2019, Defendants entered his assigned dorm at YCP and directed all inmates "to the day room area." (Doc. No. 12 at 2.) Defendant Francisco "went directly to the recreational area, then came back to the day room with a lighter." (Id.) Plaintiff and the other inmates were ordered "into the shower room two (2) by two (2) and strip searched." (Id.) A CERT team officer directed Plaintiff to strip, lift his genitals, bend over, cough, and lift his bottom and upper lips. (Id. at 2-3.) Plaintiff maintains that the strip search occurred "while other inmates [in] the dorm watched, and there were females [in] the dorm." (Id. at 3.) Plaintiff alleges that the strip search was conducted "to demean, [embarrass], and abuse inmates." (Id.) He asserts that the strip search made him feel

2

"humiliated, depressed, angry, emotionally[, and] sexually abused." (Id.) As relief, Plaintiff requests $500,000.00 in damages. (Id.)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint

pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however

4

inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

### B. Section 1983 Standard

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  See 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors."  See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## III. DISCUSSION

### A. Plaintiff's Amended Complaint

#### 1. Damages Barred by the PLRA

As noted supra, Plaintiff requests damages in the amount of $500,000.00 on the basis that the strip search made him feel "humiliated, depressed, angry, emotionally[, and] sexually abused.

(Doc. No. 12 at 3.) The PLRA, however, provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." See 42 U.S.C. § 1997e(e). Section 2246 defines a "sexual act" as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2). To recover for mental or emotional injury suffered while in custody, therefore, "a prisoner bringing a § 1983 action must demonstrate less than significant, but more than a de minimus physical injury." See Marrow v. Pennsylvania, No. 1:18-cv-931, 2018 WL 4963982, at *4 (M.D. Pa. Oct. 15, 2018) (citing 42 U.S.C. § 1997e(e); Mitchell v. Horn, 318 F.3d 523, 535 (3d Cir. 2003)).

In the instant case, the allegations set forth in Plaintiff's amended complaint fail to demonstrate that he suffered a physical injury from the strip search or that anything constituting a "sexual act" under § 2246(2) occurred during the strip search. Therefore, Plaintiff is unable to recover monetary damages because he did not suffer a physical injury or endure the commission of a sexual act during the strip search. For this reason alone, Plaintiff's amended complaint is

subject to dismissal. See Marrow, 2018 WL 4963982, at *4 (concluding same); see also Rager v. Delbalso, No. 3:15-cv-2343, 2016 WL 2610019, at *2 (M.D. Pa. May 6, 2016).

### 2. Strip Search Allegations

An inmate's challenge to a strip search is cognizable under § 1983 under the Fourth and Eighth Amendments. See Williamson v. Garman, No. 3:15-cv-1797, 2017 WL 2702539, at *4 (M.D. Pa. June 22, 2017) (citing Bell v. Wolfish, 441 U.S. 520, 558-60 (1979)). To set forth a plausible Fourth Amendment claim, an inmate must allege that the strip search was unreasonable. See Marrow, 2018 WL 4963982, at *4 (citing Payton v. Vaughn, 798 F. Supp. 258, 261-62 (E.D. Pa. 1992)). The Eighth Amendment applies when an inmate alleges that the strip search was conducted in a physically abusive manner. See Jordan v. Cicchi, 428 F. App'x 195, 199-200 (3d Cir. 2011); Robinson v. Ricci, No. 09-2023, 2012 WL 1067909, at *17 n.6 (D.N.J. Mar. 29, 2012) (explaining that the "Eighth Amendment may be implicated where the strip search or visual body cavity search was conducted in a brutish and unreasonable manner").

In the instant case, nothing in the amended complaint suggests that the strip search of Plaintiff was conducted in a physically abusive manner such that the Eighth Amendment is implicated. See Hudson v. McMillian, 503 U.S. 1, 7 (1992) (noting that, to state an Eighth Amendment claim for excessive force, an inmate must allege that force was used maliciously and sadistically to cause harm). Moreover, while a strip search can constitute a "significant intrusion on an individual's privacy," see United States v. Whitted, 541 F.3d 480, 486 (3d Cir. 2008), strip searches do not violate the Fourth Amendment in the prison and jail setting when officials conduct searches "in a reasonable manner to maintain security and to prevent the introduction of contraband or weapons in the facility." See Marrow, 2018 WL 4963982, at *5 (citing Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 621 F.3d 296, 309-11 (3d

7

Cir. 2010); Millhouse v. Arbasek, 373 F. App'x 135, 137 (3d Cir. 2010)). Prison officials may also conduct strip searches absent probable cause. See Jones v. Luzerne Cty. Corr. Facility, No. 3:10-cv-359, 2010 WL 3338835, at *8 (M.D. Pa. Aug. 23, 2010) (noting that "inmates do not have a right to be free from strip searches"). Furthermore, Plaintiff's allegations that the strip search was demeaning and embarrassing are insufficient to maintain a constitutional claim. See Millhouse, 373 F. App'x at 137 (noting that strip searches, "even if embarrassing and humiliating, do not violate the [C]onstitution"); see also Watson v. Beard, No. 09-87J, 2013 WL 4648323, at *9 (W.D. Pa. Aug. 28, 2013) (concluding that the inmate-plaintiff's characterization of strip searches as "sexual abuse" did not demonstrate any violations of the Constitution). Nothing in the amended complaint suggests that it was unreasonable for Defendants to perform a strip search after locating a lighter, i.e., contraband, within YCP. Moreover, Defendants did not violate Plaintiff's constitutional rights by conducting the strip search in front of other inmates and with female officers present. See Marrow, 2018 WL 4963982, at *5 (concluding that a strip search conducted in the presence of female officers did not violate the inmate-plaintiff's constitutional rights); Illes v. Beard, No. 1:12-cv-964, 2013 WL 2285565, at *5 (M.D. Pa. May 23, 2013) (citing cases concluding that strip searches may be conducted in the presence of staff and other inmates). The Court, therefore, concludes that the strip search challenged by Plaintiff fails to rise to the level of a violation of the Fourth and Eighth Amendments.

### 3. Sexual Harassment Claims

While unclear, it appears that Plaintiff also asserts claims of sexual abuse in his amended complaint. (Doc. No. 12 at 3.) Although sexual abuse of a prisoner by a correctional officer serves no legitimate penological purpose, see Farmer v. Brennan, 511 U.S. 825, 834 (1994), "Courts of Appeals have held that sexual harassment in the absence of contact or touching does

8

not establish excessive and unprovoked pain infliction." See Jones, 2010 WL 3338835, at *8; see also Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997) (noting that for an inmate-plaintiff to set forth a constitutional claim of sexual harassment, he must demonstrate, "as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind"). In the instant case, Plaintiff alleges neither any direct physical contact and pain because of the alleged sexual harassment nor that Defendants acted with a sufficiently culpable state of mind. Thus, any claims of sexual harassment are not cognizable and will be dismissed. See, e.g., Samford v. Staples, 249 F. App'x 1001, 1003 (5th Cir. 2007) (concluding that the inmate-plaintiff's allegations of humiliation and depression from a strip search conducted in a public hallway failed to state an Eighth Amendment claim absent allegations that a physical injury occurred); Marrow, 2018 WL 4963982, at *6.

## B. Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion

to dismiss for failure to state a claim. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the foregoing, the Court concludes that affording Plaintiff a further opportunity to amend would be futile. See Foman, 371 U.S. at 182; Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that the futility exception applies if a complaint, as amended, would fail to state a claim upon which relief may be granted).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion to amend (Doc. No. 12) and deem his motion to be his amended complaint. Plaintiff's amended complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will not be granted leave to file a second amended complaint in this matter. An appropriate Order follows.